THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FOX RUN I, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPRINGVILLE, a Utah municipality,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [35] MOTION TO ALTER OR AMEND JUDGMENT OR FOR RELIEF FROM JUDGMENT AND DENYING AS MOOT [43] MOTION TO STRIKE**<br><br>2:20-cv-00223-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff Fox Run I, LLC's ("Fox Run") Motion to Alter or Amend Judgment or for Relief from Judgment.[1] Having reviewed the briefing and relevant law, the court determines that oral argument is unnecessary to resolve the Motion.[2] For the reasons stated in this Order, the court GRANTS the Motion, vacates the prior Order and Judgment,[3] and amends its decision accordingly. Additionally, the court grants Fox Run leave to file a motion for leave to file an amended complaint.

## I. BACKGROUND

Following a dispute over the development of a senior independent living facility, Fox Run and the City participated in mediation resulting in an executed Settlement Agreement and

---

[1] ECF No. 35, filed April 14, 2021.

[2] *See* DUCivR 7-1(f).

[3] ECF Nos. 30, 31, filed March 17, 2021.

1

Release of All Claims (Settlement Agreement).[4] The Settlement Agreement provided that "Fox Run's Site Plan validity of approval timeframe to apply for a building permit for Phase 1 of the Project . . . shall commence as of the date when resolution of all contingencies or redline comments for all phases of the Development Plans are completed, as determined by [the] City."[5] The Settlement Agreement required Fox Run to apply for a building permit within one year of the "commencement date."[6] The commencement date was November 8, 2018.[7] Fox Run submitted a building permit application on October 29, 2019 and again on November 6, 2019, within the one-year time frame.[8]

On November 26, 2019, the City Attorney emailed Fox Run's counsel a letter notifying counsel and Fox Run that Fox Run "did not submit a complete building application as required."[9] The letter also notified counsel and Fox Run that "besides failing to provide a complete building application, Fox Run did not apply for a building permit with the required building elevations and plans within the one-year time frame" as required by the Settlement Agreement, and so "[a]ny and all vesting rights under the Settlement Agreement are terminated, and the Settlement Agreement is null and void."[10]

---

[4] Complaint at ¶¶ 1, 12.
[5] Settlement Agreement § 4.e; Complaint ¶ 14.
[6] Complaint at ¶ 17.
[7] *Id.* at ¶ 16.
[8] *Id.* at ¶ 17.
[9] ECF No. 4-1, filed April 14, 2020; *see also* Motion at 2–5.
[10] ECF No. 4-1.

The City Attorney followed up with Fox Run's counsel by email on December 9, 2019.[11] This email indicated that "[a]fter receiving [Fox Run's] phone message and appeal letter, Springville City is issuing the attached land use authority decision regarding Fox Run 1, LLC's building permit application."[12] The email also provided that "[p]ursuant to Section 11-2-305 of the [Springville City] Code, an appeal may be made to Springville's Board of Adjustment by an applicant 'adversely affected by a decision administering or interpreting the zoning ordinance.'"[13] It further indicated that "issues related to [the] settlement agreement, such as the requirement to submit building plans having the required building design, are not appealable to the Board of Adjustment."[14]

The letter attached to the email was from the Community Development Director and stated that "[i]t is the decision of the Community Development Director that the building permit application submitted by Fox Run on November 8, 2019 is incomplete."[15] Fox Run did not appeal the Community Development Director's decision to Springville's Board of Adjustment.[16]

On December 10, 2019, the Community Development Director sent another letter citing additional reasons that Fox Run's building permit application was incomplete pursuant to the Settlement Agreement.[17] The Community Development Director then concluded that because of Fox Run's failure to comply with the Settlement Agreement and "the reasons cited in the letter

---

[11] *Id.*

[12] *Id.*

[13] *Id.* (quoting Springville City Code 11-2-305).

[14] *Id.*

[15] *Id.*

[16] *See* Motion at 5.

[17] ECF No. 38-1, filed April 28, 2021.

dated December 6, 2019[,] . . . Springville Community Development cannot accept the building permit application, which precludes any further review of the application."[18]

Fox Run filed its Complaint in this court on April 3, 2020.[19] The City moved to dismiss Fox Run's Complaint, and on March 17, 2021, this court granted the City's Motion to Dismiss[20] and denied Fox Run's Motion for Leave to Amend Complaint Pursuant to Rule 15(a).[21] Fox Run then filed its Motion to Alter or Amend Judgment or for Relief from Judgment.[22] Fox Run later filed a Notice of Supplemental Authority and a subsequent Motion to Strike following the City's Response to Fox Run's Notice of Supplemental Authority and Supplemental Memorandum in Opposition to Fox Run's Motion to Reconsider.[23] Federal Rule of Civil Procedure 60(b) permits a court to "relieve a party" from a "final judgment, order, or proceeding" for any "reason that justifies relief."[24]

### III. DISCUSSION

After this court's Order and Judgment in this case, the United States Supreme Court decided *Pakdel v. City and County of San Francisco, California, et al.*[25] The Court vacated the Ninth Circuit's decision and remanded the case.[26] This court relied, in part, on the vacated Ninth Circuit opinion in deciding the instant case. Having reviewed the Supreme Court's decision in

---

[18] *Id.*

[19] ECF No. 2, filed April 3, 2020.

[20] ECF No. 4, filed April 14, 2020.

[21] ECF No. 22, filed March 2, 2021.

[22] ECF No. 35, filed April 14, 2021.

[23] ECF No. 42, filed July 7, 2021.

[24] Fed. R. Civ. P. 60(b)(6).

[25] 141 S. Ct. 2226 (2021).

[26] *Id.* at 2231.

*Pakdel*, this court vacates its prior Order and Judgment and grants Fox Run leave to move for leave to file an amended complaint.

The United States Supreme Court's decision in *Pakdel* provides additional information about the finality of administrative decisions. *Pakdel* makes clear that "[t]he finality requirement is relatively modest."[27] Indeed, "nothing more than *de facto* finality is necessary."[28] "[A]dministrative missteps do not defeat ripeness once the government has adopted its final position."[29]

Under the foregoing standard, there is a final administrative decision in this matter. The City Attorney emailed Fox Run's counsel on December 9, 2019, attaching a letter from the director of Springville Community Development.[30] The letter stated, "It is the decision of the Community Development Director that the building permit application submitted by Fox Run on November 8, 2019 is incomplete. . . . Thus, Fox Run's submittal does not constitute a complete building application."[31] Then, on December 10, 2019, the Community Development Director sent another letter citing additional reasons that Fox Run's building permit application was incomplete pursuant to the Settlement Agreement.[32] The Community Development Director then concluded that because of Fox Run's failure to comply with the Settlement Agreement and "the reasons cited in the letter dated December 6, 2019[,] . . . Springville Community Development

---

[27] *Id.* at 2230.

[28] *Id.*

[29] *Id.* at 2231.

[30] ECF No. 4-1.

[31] *Id.*

[32] ECF No. 38-1, filed April 28, 2021.

5

cannot accept the building permit application, which precludes any further review of the application."[33]

These letters reflect the Community Development Director's determination about Fox Run's building permit application. The City Attorney bases his decision about the contractual issues on Fox Run's failure to comply with the Settlement Agreement, which the court did not determine in its prior ruling and does not address here. The Community Development Director addresses Fox Run's failure to submit a complete building permit application in addition with its failure to comply with the Settlement Agreement. The court decides only the issue of the finality of the Community Development Director's decision with respect to the completeness of the building permit application. The Community Development Director indicated that the decision was final and "further review of the application" was "preclude[d]."[34]

Moreover, while, the Board of Adjustment has the power "[t]o hear and decide appeals where it is alleged that there was an error in any order, requirement, decision or determination made by a land use authority, the Planning Commission and/or the Community Development Director's administration, interpretation or enforcement of the zoning ordinance,"[35] an appeal is not required. Indeed, an "[a]ppeal *may* be made to the Board of Adjustment by any applicant, other person or entity adversely affected by a decision administering or interpreting the zoning ordinance."[36] This language is permissive. The option to appeal is available to the adversely

---

[33] *Id.*

[34] ECF No. 38-1.

[35] Springville City Code § 11-2-303(1).

[36] Springville City Code § 11-2-305(1) (emphasis added).

affected party but not required. Accordingly, the court determines that the Community Development Director's decision was final under *Pakdel*.[37]

### IV. CONCLUSION

In sum, the court GRANTS the Motion and vacates the prior Order and Judgment.[38] Additionally, the court grants Fox Run leave to file a motion for leave to file an amended complaint. Fox Run's Motion to Strike is DENIED as moot.

DATED this10th day of August, 2021.

BY THE COURT:

_____
David Barlow
United States District Judge

---

[37] 141 S. Ct. 2226 (2021).

[38] ECF Nos. 30, 31, filed March 17, 2021.