**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **FOX RUN I, LLC, a Utah Limited Liability Company** <br><br> **Plaintiff,** <br><br> vs. <br><br> **SPRINGVILLE CITY, a Utah municipality,** <br><br> **Defendant.** | **RULING & ORDER GRANTING PLAINTIFF'S MOTION TO AMEND** <br><br> **Case No. 2:20-cv-00223** <br><br> **District Court Judge David B. Barlow** <br><br> **Magistrate Judge Dustin B. Pead** |

On April 27, 2020, District Court Judge David Barlow referred this case to Magistrate

Judge Dustin B. Pead pursuant to a 28 U.S.C. § 636(b)(1)(A) referral. (ECF No. 6.)

On September 9, 2021, Plaintiff Fox Run I, LLC ("Plaintiff" or "Fox Run") filed its

motion for leave to file an amended complaint ("Motion"). (ECF No. 54.) Defendant Springville

City ("Defendant" or the "City") objected. (ECF No. 55.) Thereafter, oral argument on Plaintiff's

Motion was held before Magistrate Judge Dustin B. Pead on November 16, 2021. (ECF No. 56.)

## BACKGROUND

The procedural background of this case involves the somewhat uncommon resurrection

of Plaintiff's claims through the District Court's August 10, 2021, Order altering judgment and

vacating dismissal based on the United States Supreme Court's decision in *Pakdel v. City &

County of San Francisco*, 594 U.S. ___, 141 S. Ct. 2226, 210 L. Ed. 617 (2021).[1] (ECF No. 47.)

---

[1] *Pakdel* was decided by the Supreme Court on June 28, 2021, after Fox Run's motion to alter judgment was briefed. (ECF No. 41.) In *Pakdel,* the Supreme Court provided additional

As part of that ruling, Judge Barlow granted Fox Run leave to file a motion for leave to file an amended complaint and consistent therewith Plaintiff filed its pending motion to amend.[2] (ECF No. 47 at 7.)

The proposed amended complaint asserts claims stemming from Fox Run's attempt to develop a senior independent living facility near 559 South 2600 West in Springville City, Utah (the "Property"). (ECF No. 54-1 at ¶ 6.) In support of its Motion, Fox Run asserts that amendment is necessary to provide intervening facts, adjust remedies and eliminate inapplicable claims.[3] The City disagrees, arguing Plaintiff's amended complaint is futile, untimely and unjustified.

## STANDARD OF REVIEW

Pursuant to Federal Rule 15, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, reasons to deny amendment include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by

---

guidance on the finality of administrative decisions and based thereon Judge Barlow concluded that the Community Development Director's decision with respect to the completeness of Plaintiff's building permit application amounted to a "final administrative decision." (ECF No. 47 at 5); *Pakdel* 141 S. Ct. at 2230.

[2] The District Court previously denied Fox Run's motion to amend filed on March 2, 2021. (ECF No. 22; ECF No. 30.)

[3] The proposed amended complaint removes Plaintiff's sixth cause of action for denial of privileges and immunities clause in violation of § 1983. (ECF No. 2; ECF No. 54-1.)

virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). In general, prejudice to the opposing party is the factor that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## DISCUSSION

The court reviews Plaintiff's Motion in conjunction with the relevant factors of futility, timeliness and undue prejudice. *See Foman*, 371 U.S. at 182.

### 1. Futility[4]

A proposed amendment is futile if "it is patently obvious that the plaintiff could not prevail on the facts alleged." *Cohen v. Longshore,* 621 F.3d 1311, 1314-15 (10th Cir. 2010); *see also Home Design Servs. v. Bohnenkamp Construction, Inc.* 2009 U.S. Dist. LEXIS 64047 at *2-3 (D. Colo. July 10, 2009) (motion to amend is futile if "the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief"). Thus, the primary issue is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d. 1 (2002) (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). Here, the City contends that amendment is futile because: (a) the Property was purchased by third party Better Investment at a valid foreclosure sale and; (b) pursuant to Section 10(a) of the parties' Settlement Agreement, Fox Run surrendered any right to money damages or attorney fees.

---

[4]  In addition to the Motion (ECF No. 54; ECF No. 55; ECF No. 56), the City's futility argument is addressed in Defendant's Notice of Response to Plaintiff's Notice of Supplemental Authority and Plaintiff's Motion to Strike. (ECF No. 42; ECF No. 43; ECF No. 44; ECF No. 45; ECF No. 46.)

### a) Foreclosure Sale

Defendant argues because Better Investment is a bona fide purchaser for value of the Property an amendment is futile since the City is prohibited from awarding the Property to Fox Run and Plaintiff lacks standing to assert claims on behalf of Better Investment.

Plaintiff's amended complaint, however, seeks monetary not injunctive relief and the validity of the Trustee's Sale is not at issue. Further, both the original and amended complaints assert that Fox Run's default was the result of Defendant's allegedly improper denial of a building permit. (ECF No. 54-1 at ¶ 50) ( "[t]he City's actions in denying the building application, terminating the contract and fighting this lawsuit without conceding, imposed significant financial burdens upon Plaintiff making it unable to avoid foreclosure."). Accordingly, despite foreclosure and sale of the Property to Better Investment, it is not patently obvious at this juncture that Plaintiff could not prevail or provide any set of facts to support amendment that would entitle him to relief and Defendant's argument based on the foreclosure sale fails. *See, e.g., Beckett v. United States,* 217 F.R.D. 541, 543 (D. Kan. 2003).

### b) Settlement Agreement

Next the City asserts that even if Plaintiff's claims are not foreclosed by the sale of the Property, Section 10 of the parties' Settlement Agreement waives Plaintiff's right to any monetary damages or attorney fees and amendment is futile.[5] In response, Plaintiff argues that

---

[5] Section 10 states:

10. Remedies.
    a. If the parties are not able to resolve a breach or default of any provision in this Agreement, then the parties may have the following remedies:

the Settlement Agreement does not preclude monetary damages because a waiver must be express, the duty to perform in good faith cannot be waived and an agreement limiting damages is not enforceable where the breaching party's interference is willful.[6]

Arguments surrounding constitutional waiver and the enforceability of contractual provisions are complex and warrant more than the limited arguments raised here in the context of

---

    i. <u>Legal Remedies.</u> The rights and remedies available at law and in equity, including but not limited to injunctive relief, specific performance and termination, but not including damages or attorney's fees.

    ii. <u>Cumulative Remedies</u>. The rights and remedies set forth herein shall be cumulative and may be in addition to the penalties set forth in paragraph 9.

(ECF No. 54-1 at 53.)

[6]To further clarify, Plaintiff's proposed amended complaint alleges:

At the time of executing the Settlement Agreement and thereafter, Plaintiff reasonably understood this provision as not limiting Plaintiff's right to seek damages or attorney fees if the City acted with bias against Plaintiff, in bad faith, prejudice, discrimination, in violation of constitutional provisions or other conduct as alleged in any paragraph herein. Plaintiff never knowingly, intentionally, or in any fashion intended to relinquish its constitutional rights by such paragraph 10, such paragraph 10 is unenforceable as to prohibiting Plaintiff from seeking attorney fees or damages based on the allegations and claims of this Amended Complaint, and, in any event, the City waived this paragraph 10 when it declared the Settlement Agreement null and void, let alone that Defendant declared wrongfully and illegally that Plaintiff's vested rights had terminated. Part of the damages to the Plaintiff because of Defendant's conduct is related to the delays that Plaintiff has suffered, and the amount of delay damages is significant.

(ECF No. 54-1, ¶24.)

a motion for amendment. [7] Simply put, while Defendant legitimately raises the issue of futility,

given the limited briefing, potential factual disputes and the competing interpretations of relevant

contractual provisions and case law, the court declines, at this time, to engage in a futility

analysis.

It remains within the court's discretion "to decline to engage in a futility analysis in the

context of a motion to amend if the court determines the futility arguments would be more

properly addressed in dispositive motions." *Aragon v. Dalton,* 2021 U.S. Dist. LEXIS 38790 at

*6 (D. Utah Jan. 21, 2021) (*citing Complete Merch. Sols., LLC v. FTC,* 2020 U.S. Dist. LEXIS

129574 at *7 (D. Utah July 21, 2020) (unpublished)). Indeed, the specific circumstances of this

---

[7] Indeed, nothing in the Settlement Agreement appears to explicitly waive Fox Run's

entitlement to damages for constitutional violations. But there is also nothing in the Agreement

that precludes a waiver of Plaintiff's constitutional claims, and the title of the document along

with the opening paragraph indicate that the Agreement constitutes a "General Release of All

Claims." (ECF No. 54-1 at 48.) Moreover, issues surrounding waiver of the duty to perform a

contract in good faith, limitations on damages where the breaching party's interference is willful,

and the viability of Plaintiff's inverse condemnation claim require a more in-depth analysis and

review. *Cmpr Patmos Energy LLC v. SST Energy,* 2009 U.S. Dist. LEXIS 150140 at * 27 (D.

Utah Dec. 29, 2009) ("the duty to perform the contract in good faith cannot be waived by either

party to the agreement") (*citing Beck v Farmers Ins. Exchange,* 701 P.2d 795, 801 n. 4 (Utah

1985) *with Peterson & Simpson v. IHC Servs., Inc.,* 2009 UT 54, ¶ 21, 217 P.3d 716 ("[t]he

duties of a good faith and fair dealing arise out of the relationship between the parties created by

the contract and have no independent existence outside of the contract"); *see also Allen Howe*

*Specialties Corp v. U.S. Const., Inc.,* 611 P.2d 705, 709 (Utah 1980) (*citing* 74 A.L.R.3d 187,

"*Validity and Construction of 'No Damage' Clause With Respect To Delay In Building Or*

*Construction Contract*")); *see also Stanko v. Maher,* 419 F.3d 1107, 1117 (10th Cir. 2005).

case highlight how the issue of futility is often more appropriately resolved through a dispositive motion raised at a later "procedural juncture." *See Home Design Servs.,* 2009 U.S. Dist. LEXIS 64047 at *3 (D. Colo. July 10, 2009) ("better course of action is to consider the defendants' arguments at these other procedural junctures rather than to deny Plaintiff the opportunity to assert these claims."); *see Christison v. Bigen Idec Inc.,* 2016 U.S. Dist. LEXIS 82416 at *12 (D. Utah June 23, 2016) ("When considering a motion to amend, a futility analysis "seems to place the cart before the horse. Several courts have wisely declined to engage in a futility analysis at the motion to amend phase") (internal quotation omitted) (citing cases). As a result, the court does not weigh futility as a factor in its analysis of Plaintiff's Motion.

## 2. Timeliness

In addition to futility, Defendant also argues untimeliness. As support, the City relies upon the District Court's determination that "the proposed amended complaint in toto was not filed as timely as it might have been," as well as the lack of justification for the six-month delay between the foreclosure sale and the filing of Fox Run's initial motion for leave to amend. (ECF No. 32 at 10:14-25.)

While the court agrees that the proposed amendment might have been brought earlier, Defendant fails to identify any specific prejudice it will sustain based on the timeliness of Plaintiff's amendment. Specifically, the City does not point to any evidence or witnesses that are lost, or argue that the passage of time has made its defense of the proposed claims more difficult. Further, the case had not entered the discovery stage or reached the end of the scheduling order and not trial date is set. Thus, in light of the numerous procedural developments and the absence of any identifiable prejudice to the City, the timeliness factor weighs in favor of Plaintiff.

### 3. <u>Undue Prejudice</u>

Under the amendment analysis, the prejudice to the opposing party factor carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Despite the significance of this factor, Defendant fails to clearly identify how the City would be unduly prejudiced by Plaintiff's proposed amendment. *See Stender v. Cardwell,* 2011 U.S. Dist. 38502 at *10-11 (D. Colo April 1, 2011) (declining to address futility based on failure to address prejudice factor which "grievously weakened" Defendant's opposition to motion to amend). Fox Run, on the other hand, specifically explains why amendment would *not* prejudice either party, asserting the amended pleading states claims arising out of the same subject matter and includes relevant post-complaint events, clarity and detail. Considering Defendant's failure to fully address the issue of prejudice, and given the clarity that amendment may provide, this factor weights in favor of granting amendment.

Overall, each of the factors addressed weighs in favor of allowing amendment and accordingly Plaintiff's Motion to Amend is hereby GRANTED. (ECF No 54.)

## ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1.  Plaintiff's Motion for Leave to Amend is GRANTED;

2.  No more than five (5) from the date of this Order, Plaintiff shall place a copy of

    its Amended Complaint on the court docket; and

3.  Defendant shall have until February 2, 2022, to file a responsive pleading. If

    Defendant does not elect to file a motion to dismiss, the parties shall provide the

    court with a proposed scheduling order by that same date.

SO ORDERED this 13th  Day of December 2021.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

9